UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PATRICIA ANNE KORY,

    Debtor.
_____/

Case No. 11-64454
Chapter 7
Hon. Walter Shapero

COMERICA BANK,

    Plaintiff,

v.

PATRICIA ANNE KORY,

    Defendant.
_____/

Adv. Pro. No. 11-07099

### **OPINION DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR STAY LIFT**

Before the Court in an 11 U.S.C. § 523(a)(2)(A)&(B) action is alternatively (a) a motion for partial summary judgment on the issue of whether or to what extent a collateral estoppel effect derives from a Michigan state court judgment, or (b) a motion to lift the automatic stay under 11 U.S.C. § 362(d)(1) in order to challenge said judgment in the state court.

### BACKGROUND

On or about February 5, 2007, Najwa Enterprises, n.k.a. Nico Kory, Inc. ("Najwa"), applied for, and thereafter received and drew on, a $50,000 business line of credit from Comerica Bank ("Plaintiff"). Plaintiff avers that a principal of Najwa, Patricia Kory ("Defendant" or "Debtor"), served as the loan's guarantor. After Najwa supposedly defaulted on the loan on April 1, 2010,

Plaintiff sued Najwa and Defendant, in the Oakland County Circuit Court (Case No. 10-113423) on three theories:

> Count I: Breach of Contract as to Defendant Najwa
> Count II: Breach of Guarantee as to Defendant Kory
> Count III: Accounts Stated as to Defendants Najwa and Kory

(Def.'s Mot. Partial Summ. J. (Docket No. 10) Ex. 6-D.)

Approximately seven months after it was filed, the parties agreed to settle the case outright pursuant to their "Stipulated Default Judgment" dated April 22, 2011, which states in its entirety:

> This matter having come before the Court upon the stipulation of the parties, Plaintiff having filed a Complaint alleging claims against Defendant Najwa Enterprises, Inc., and Defendant Patricia Ann Kory, Defendants, having filed Answers and Affirmative Defenses to the Complaint and having contested the allegations of the Complaint, Defendants no longer wishing to incur the costs and expenses of proceeding with litigation of the merits of the parties' respective positions and choosing instead to withdrawal [sic] their Answers and Affirmative Defenses and allow entry of judgment against them by default and this Court being duly advised in the premises;
> IT IS HEREBY ORDERED that Defendants' Answers and Affirmative Defenses are hereby withdrawn.
> IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff is awarded a default judgment jointly against Defendants Najwa Enterprises, Inc. and Patricia Ann Kory in the principal amount of $48,625.84, plus costs of $253, accrued interest from July 10, 2010, to date of $4,176.49, and attorney fees of $2,120.00, for a total judgment amount of $55,175.33, plus interest at the statutory rate as it accrues.
> IT IS FURTHER ORDERED that the case be removed from the case evaluation docket, and that case evaluation scheduled for May 10, 2011, is hereby cancelled without costs or penalties.
> IT IS FURTHER ORDERED that this judgment resolves the last pending claim and closes the case.

(Def.'s Mot. Partial Summ. J. (Docket No. 10) Ex. 6-C.) The judgment was signed by the Court and Najwa, Defendant's attorney, and, Plaintiff's attorney, the latter indicating, "I stipulate to entry of the above order." (Id.)

After failing to satisfy the judgment, Defendant filed her chapter 7 bankruptcy on September 15, 2011. In her Schedule F, Defendant acknowledges the judgment debt owed to Plaintiff of $55,175.33. She attributes said debt to "Jan 2007 Guaranty of Business Loan."

Plaintiff timely filed this present adversary proceeding under § 523(a)(2)(A) & (B), in which a contention has arisen as to whether the state court judgment precludes Defendant from now challenging the underlying facts regarding the guaranty at issue, e.g., whether Defendant can now assert, as she does, that her signature on the loan application (statements in which are a basis for the § 523 complaint in this Court) is a forgery. Both counts against Defendant in the state court were founded upon the existence and validity of her guaranty of Najwa's debt. As a result, Defendant filed the present motion on the indicated issues.

This Court held a hearing on the motion, and thereafter an evidentiary hearing on the collateral estoppel issue. At the evidentiary hearing, the purported entire state court record was introduced into evidence, as well as several emails between the parties' attorneys leading to their stipulation to the entry of the state court judgment at issue. That state court record relevantly shows the following:

(1)　Count II of the complaint alleges that Debtor personally guaranteed the debt;

(2)　Debtor's answer to that allegation among other things denies that she guaranteed the obligation, and among her asserted affirmative defenses is a statement that the documents relied on were "not signed by one or more of the defendants";

(3) A counter affidavit of Debtor apparently attached to her answer to the complaint states in part that she did "not agree to personally pay any amount to Plaintiff"; and

(4) Debtor answered Plaintiff's request to admit that the guaranty bears her signature (or a photocopy thereof) by saying "Denied."

By that state court record Debtor thus appears to have directly or indirectly raised the issue or defense that she had not signed the guaranty (and thus she is not liable on that alleged guaranty obligation). Notwithstanding that, however, and for reasons articulated in the judgment, she clearly decided not to pursue that or any other defense to the asserted guaranty obligation. The evidence and arguments make clear that Plaintiff initially expressed a desire for a consent judgment, and that the "Stipulated Default Judgment" was Defendant's preference.

**DISCUSSION**

Fed.R.Civ.P. 56 is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. Rule 56(a) provides, "A party may move for summary judgment, identifying each claim or defense - the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

There is no genuine issue of material of fact here, and the question is a legal one. Collateral estoppel is "equitable in nature and therefore [] invoked by a court at its discretion." United States v. Williams, 612 F.3d 500, 510 (6th Cir. 2010) (citations and quotation omitted). "Under collateral

4

estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979) (citations omitted). In Livingston v. Transnation Title Insurance Co. (In re Livingston), 372 Fed. Appx. 613, 617 (6th Cir. 2010) (citations omitted), the Sixth Circuit Court of Appeals confirmed that principles of collateral estoppel apply in § 523(a)(2) actions. See also Grogan v. Garner, 498 U.S. 279, 285 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). In Livingston, 372 Fed. Appx. at 617, the Sixth Circuit followed another bankruptcy court in this district in looking to Michigan law to determine whether a Michigan state court judgment has a preclusive effect. See also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered.").

Under Michigan law, collateral estoppel applies when:

(1)   there is identity of parties across the proceedings;
(2)   there was a valid, final judgment in the first proceeding;
(3)   *the same issue was actually litigated and* necessarily *determined* in the first proceeding; and
(4)   the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

Phillips v. Weissert (In re Phillips), 434 B.R. 475, 485 (B.A.P. 6th 2010) (citing Hinchman v. Moore, 312 F.3d 198, 202 (6th Cir. 2002) (citations omitted)) (emphasis added). As this Court recently ruled,

> Under Michigan law, consent judgments are not generally given collateral estoppel effect. Am. Mut. Liability Ins. Co. v. Mich. Mut. Liability Co., 235 N.W.2d 769, 776 (Mich. Ct. App. 1975); accord Kohlenberg v. Baumhaft (In re Baumhaft), 271 B.R. 517, 521 (Bankr.

5

E.D. Mich. 2001) (J. Rhodes) (citations omitted). Because "a consent judgment reflects primarily the agreement of the parties[,]" by signing the judgment, the trial judge "merely put[s] his stamp of approval on the parties' agreement disposing of those matters." Am. Mut. Liability Ins., 235 N.W.2d at 776. Thus, "the issues involved in the settled case [are] not actually adjudicated[.]" Id. Accordingly, consent judgments normally fail to meet the legal requirements of collateral estoppel. Id.

Giannetti Contracting Corp. v. Fodale (In re Fodale), 2012 Bankr. LEXIS 960, at *8-9 (Bankr. E.D. Mich. 2012). Also as this Court has previously ruled,

> "True" default judgments *are* given preclusive effect in Michigan. See Rohe Scientific Corp. v. Nat'l Bank of Detroit, 350 N.W.2d 280 (1984); see also Cresap v. Waldorf (In re Waldorf), 206 B.R. 858, 867-68 (Bankr. E.D. Mich. 1997) (recognizing the preclusive effect default judgments have in Michigan for collateral estoppel determinations, citing both Michigan cases as well as its own previous holding).

Williams v. Noblit (In re Noblit), 327 B.R. 307, 310 (Bankr. E.D. Mich. 2005) (emphasis added); see also Specialty Distribs., Inc. v. King (In re King), No. 05-02082, slip op. at 6-8, 10 (Bankr. E.D. Mich. 2006) (another finding from this Court).

The issue here is whether the "Stipulated Default Judgment" should be recognized as a consent agreement or a default judgment. If the Court recognizes the subject judgment as the former, then Defendant's motion must be granted. If the Court finds it to be of the latter variety, then the motion must be denied.

As noted, Defendant opposed the entry of the judgment as one labeled and treated as a consent judgment. As a result, the final judgment is labeled and entered as one of default. The judgment is clear and pronounces in part, "Defendants . . . choosing . . . to withdrawal their Answers and Affirmative Defenses and allow entry of judgment against them by default . . . ." Giving effect to the letter of that portion of the judgment helps characterize the judgment in line with its title: one that

6

is and was intended as a true default judgment. The effect of withdrawing Defendant's answer and defenses also reinforces that view. Of course, there is here an element of a "consent" judgment, but only to a very limited extent. Properly characterized, what we have here is a consented to default judgment, essentially, substantively and consensually achieved by the withdrawal of Debtor's pleadings, and the other facts and reasons recited in the judgment itself. The makings of a true default judgment are present. Under these circumstances, a consented to default judgment is not a contradiction and the predominantly and clear default nature of the subject judgment should not lose its otherwise collateral estoppel effect by having been consented to. Applying the factual situation here with the above noted four elements necessary to apply collateral estoppel principles, one must conclude they all exist, particularly elements (3) and (4). (There is no question about elements (1) and (2).) The effect is that the state court judgment must be found to preclude and estop Debtor from arguing at the trial of this nondischargeability proceeding that she is not liable on the debt, which is the subject matter of this proceeding, because she did not sign the guaranty creating that debt. Accordingly, Defendant's motion for partial summary judgment must be denied.

Notwithstanding the foregoing, the Court will lift the stay for the limited purpose of permitting Defendant to exercise whatever state court rights she may have in attempting to set aside or otherwise challenge the judgment, but is not inclined to delay the trial of this proceeding pending the outcome of such.

## CONCLUSION

For the reasoning provided herein, Defendant's motion for partial summary judgment is denied and her motion for a limited lift of the automatic stay is granted. Defendant shall present an

appropriate order, which shall include a provision for a status conference date to develop a procedure to bring this proceeding to trial.

**Signed on November 28, 2012**

                                            **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**