UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

PATRICIA ANNE KORY,

    Debtor.
_____/

COMERICA BANK,

    Plaintiff,

v.

PATRICIA ANNE KORY,

    Defendant.
_____/

Case No. 11-64454
Chapter 7
Hon. Walter Shapero

Adv. Pro. No. 11-07099

## OPINION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

### INTRODUCTION

This Court's previous opinion denied Defendant's motion for partial summary judgment and granted Defendant's motion for stay lift (Docket #52), and a corresponding order was entered (Docket #56). Thereafter, Defendant filed a Motion for Reconsideration and a corresponding brief (Docket #58 and #59). For the following reasons, the Motion for Reconsideration is denied.

### BACKGROUND

Comerica Bank ("Plaintiff") asserts that it extended credit to Najwa Enterprises, n.k.a. Nico Kory, Inc. ("the Entity"), with the Entity's principal Patricia Anne Kory ("Defendant") as a

1

personal guarantor. The Entity defaulted and Plaintiff sued Defendant in state court. Defendant filed an answer, an affidavit, and discovery responses and, through her counsel, took the position that she did not guarantee the loan because the required signature was a forgery. Thereafter, she settled the matter by signing a "stipulated default judgment" whereby she withdrew all her pleadings and permitted a default judgment to be entered against her. The judgment was signed by Defendant, Plaintiff, the Entity, and the state court. Defendant later filed her Chapter 7 bankruptcy, listing the judgment debt as a liability.

In a nondischargeability proceeding in this Court, it was ruled that collateral estoppel precluded Defendant from raising her previous defense that the signature on the guarantee was a forgery. This Court concluded that under Michigan law, a "true" default judgment is granted preclusive effect and that the "stipulated default judgment" was, in effect, a "true" default judgment.

## DISCUSSION

Reconsideration requires that the movant "shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof." Local Bankruptcy Rule 9024-1(a)(3). To establish a palpable defect, the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." See Henderson v. Walled Lake Consolidated Sch., 469 F.3d 479, 496 (6th Cir. 2006). Defendant does not meet this burden.

This Court's application of the principles of collateral estoppel is controlled by Michigan law. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Livingston v.

2

Transnation Title Ins. Co. (In re Livingston), 372 Fed. Appx. 613, 617 (6th Cir. 2010).

Collateral estoppel applies under Michigan law when:

    (1)    there is identity of parties across the proceedings,
    (2)    there was a valid, final judgment in the first proceeding,
    (3)    the same issue was actually litigated and necessarily determined in the first proceeding, and
    (4)    the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

Phillips v. Weissert (In re Phillips), 434 B.R. 475, 485 (B.A.P. 6th 2010)(citing Hinchman v. Moore, 312 F.3d 198, 202 (6th Cir. 2002)); People v. Trakhtenberg, 493 Mich. 38, 48 (2012).

Defendant essentially argues that this Court's prior opinion cited authorities that were not controlling on the issue of collateral estoppel for default judgments because they were not Michigan Supreme Court cases, and that such represents palpable error. The Michigan Supreme Court has said that "[t]he Court of Appeals correctly recognized that '[a] default judgment is just as conclusive an adjudication and as binding upon the parties of whatever is essential to support the judgment as one which has been rendered following answer and contest.'" Barnes v. Jeudevine, 475 Mich. 696, 705 (2006)(quoting Perry & Derrick Co., Inc. v. King, 24 Mich.App. 616, 620 (1970)). Defendant cites three other Michigan Supreme Court cases predating Barnes. This Court deems Barnes the controlling statement of relevant state law.

Bankruptcy courts in both the Eastern and Western Districts of Michigan have, in many cases, applied collateral estoppel to default judgments. The Sixth Circuit Bankruptcy Appellate Panel, citing several cases from federal courts in Michigan, recently wrote:

> Although courts are divided on the issue of whether a state court default judgment should be given collateral estoppel effect, the Panel is persuaded by Michigan courts that have held that preclusive effect should be given only where there is sufficient participation by the parties to meet the actually litigated requirement.

3

In re Phillips, 434 B.R. at 486 (citing Bldg. Comm., Inc. v. Rahaim (In re Rahaim), 324 B.R. 29, 37–38 (Bankr. E.D. Mich. 2005); Wellinger v. Borton (In re Wellinger), 371 B.R. 249, 253 (E.D. Mich. 2007); Robinson v. Callender (In re Callender), 212 B.R. 276, 280 (Bankr. W.D. Mich. 1997); Vogel v. Kalita (In re Kalita), 202 B.R. 889, 913 (Bankr. W.D. Mich. 1996); Wood v. Dealers Fin. Servs., Inc. (In re Dealers Fin. Servs., Inc.), 199 B.R. 25, 29 (E.D. Mich. 1996); Montgomery v. Kurtz (In re Kurtz), 170 B.R. 596, 601 (Bankr. E.D. Mich. 1994)).

Notwithstanding that statement, there is some level of disagreement as to whether or not collateral estoppel also applies to a "true" default judgment (a "true default judgment" being here defined as where a defendant does not answer, plead, or otherwise participate in the suit). The concurring opinion in In re Phillips stated that the Barnes decision was a strong indication that the Michigan Supreme Court does not require "substantial participation" but would apply collateral estoppel to a "true" default judgment. In re Phillips, 434 B.R. at 491-92 (Rhodes, J., concurring). A bankruptcy court in this district adopted this view, holding that a "true" default judgment "meets Michigan's 'actually litigated' requirement, and must be given preclusive effect under the doctrine of collateral estoppel. 'Substantial participation' by the defendant in the state court case is not necessary in order for collateral estoppel to apply." In re Pixley, 456 B.R. 770, 777 (Bankr. E.D. Mich. 2011)(Tucker, J). This Court also subscribes to that view.

Regardless of whether or not a defendant must "substantially participate" in the state court proceeding or not, collateral estoppel applies in this case. If Michigan law permits the application of collateral estoppel in the event of true defaults, then Defendant is precluded from raising the forgery defense. This Court's prior opinion held that the effect of Defendant withdrawing all pleadings and defenses produced a "true" default judgment. If, however,

4

"substantial participation" is a requirement, it is satisfied here, considering that in the state court case, Defendant answered the complaint, answered discovery, negotiated a settlement, and stipulated to a judgment. Her later withdrawal of all her prior pleadings does not negate, at least for collateral estoppel purposes, what previously occurred in fact, which by any measure amounts to substantial participation. Accordingly, there is no palpable error in this Court's prior opinion.

Defendant's motion relies on In re Dantone, 477 B.R. 28 (Bankr. App. 6th Cir. 2012) in which, Defendant claims that court took the position that bankruptcy courts in Michigan have often misconstrued Michigan law on the preclusive effect of default judgments and have overlooked Lichon v. American Universal Ins. Co., 435 Mich. 408 (1990). This Court was not persuaded by Defendant's position for two reasons. First, this portion of In re Dantone is dictum. After In re Dantone discussed Michigan law on the issue of whether default judgments satisfy the "actually litigated" requirement of the collateral estoppel analysis, it stated "[h]owever, the Panel concludes that it need not decide whether the state court judgment at issue in this case was actually litigated because Debtor conceded the element of 'actually litigated' in briefing before the bankruptcy court." In re Dantone, 477 B.R. at 37.

Second, and with all due respect to the In re Dantone court, it appears that its reliance on Lichon is misplaced. In re Dantone characterized Lichon as holding "that a default judgment is not entitled to preclusive effect because none of the issues is actually litigated… Michigan bankruptcy courts appear to have overlooked Lichon in ruling on the preclusive effect of default judgments by Michigan state courts." In re Dantone, 477 B.R. at 36-37. However, Lichon does not deal with default judgments, as In re Dantone suggests it does. Lichon's essential holding

5

was that collateral estoppel does not preclude a man who previously pled *nolo contendere* to a crime from raising the defense that he did not commit that act in a subsequent civil suit. In reaching this conclusion, the Lichon court discussed at length the nature and rationale of the *nolo contendere* plea, but did not discuss default judgments as In re Dantone suggests. There are important distinctions between a *nolo contendere* plea and a default judgment, both conceptually and procedurally. It is perhaps possible for one to seek to liken the two because neither seems to involve "actual litigation" of an issue on its merits. But neither the Lichon nor the In re Dantone courts actually engaged in this analysis nor actually decided the point. Therefore, this Court considers its analysis in its previous opinion and this opinion to be the more relevant and appropriate discussion of the legal issue involved. Thus this Court concludes there was no error of law, nor newly discovered evidence, nor an intervening change in controlling law, nor a need to prevent manifest injustice, as would merit the grant of reconsideration.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is denied. An order to this effect is being entered concurrently.

.

**Signed on March 28, 2013**

                                      **/s/ Walter Shapero**
                             **Walter Shapero**
                             **United States Bankruptcy Judge**